**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELLIS GONZALEZ<br>130 S. 17th STREET,<br>ALLENTOWN, PA 19464 | : <br> : <br> : <br> : | |
|         PLAINTIFF,<br>   V. | : <br> : <br> : | CIVIL ACTION NO. _____ |
| TROOPER PHILIP BUCCIGROSSI, III<br>600 KENHORST BOULEVARD<br>READING, PA 19611 | : <br> : <br> : <br> : | |
| And, | : <br> : | |
| JOHN DOE STATE TROOPERS 1–10 | : <br> : <br> : | |
|         DEFENDANTS. | : | |

**COMPLAINT**

1.    Plaintiff Ellis Gonzalez is an adult individual residing at the address set forth in the caption.

2.    Defendant Trooper Philip Buccigrossi, III is an adult individual employed by the Pennsylvania State Police. At all relevant times, he acted under color of state law and within the course and scope of his employment as a Pennsylvania State Trooper. Defendant Trooper Buccigrossi is sued in his individual capacity.

3.    Defendants John Doe State Troopers 1–10 are Pennsylvania State Troopers whose identities are presently unknown despite Plaintiff's reasonable diligence. At all relevant times, each acted under color of state law and within the course and scope of his or her employment as a Pennsylvania State Trooper. Each is sued in his or her individual capacity. Plaintiff will amend this Complaint to identify these Defendants by name once their identities are discovered.

4.    This Court has original jurisdiction over Plaintiff's federal civil-rights claim pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United

States, including 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

5.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's claims occurred within this judicial district and Defendants reside and/or are subject to personal jurisdiction in this district.

6.      On or about September 14, 2024, Plaintiff was placed under arrest by Defendant Trooper Buccigrossi and/or John Doe State Troopers 1–10.

7.      During the arrest, Plaintiff was subjected to excessive, unnecessary, and unreasonable force, including being struck in the face and eye, which caused a fractured orbital bone.

8.      Plaintiff complied with all lawful commands and remained calm and cooperative throughout the arrest.

9.      Despite Plaintiff's compliance and lack of provocation, Defendant Troopers struck Plaintiff in the face with sufficient force to fracture his orbital bone.

10.      The blow to Plaintiff's eye caused immediate and severe pain, a fractured orbital bone, the need for medical treatment, and ongoing symptoms and impairment.

11.      Defendant Troopers' actions were excessive, unnecessary, and objectively unreasonable under the circumstances.

12.      As a direct and proximate result of the assault, Plaintiff sustained serious and permanent injuries, severe physical pain, emotional distress, humiliation, and financial losses, including medical expenses.

## COUNT I – ASSAULT AND BATTERY
## (AGAINST DEFENDANT TROOPER BUCCIGROSSI AND JOHN DOE STATE TROOPERS 1–10)

13.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14.     Defendant Trooper Buccigrossi and/or John Doe State Troopers intentionally and unlawfully struck Plaintiff in the face, causing serious injuries, including a fractured orbital bone, without justification, privilege, or consent.

15.     Defendants' conduct was willful, malicious, and undertaken with reckless disregard for Plaintiff's safety and rights.

16.     As a direct and proximate result, Plaintiff suffered a fractured orbital bone, severe pain, emotional distress, humiliation, and related medical expenses.

        **WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs, and punitive damages as permitted by law.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT TROOPER BUCCIGROSSI AND JOHN DOE STATE TROOPERS 1–10)

17.     Plaintiff incorporates the foregoing paragraphs as though set forth herein.

18.     Defendants' conduct, including confronting a compliant arrestee and striking Plaintiff in the face without justification, was extreme, outrageous, and beyond all bounds tolerated in a civilized society.

19.     Defendants intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the substantial likelihood that their conduct would cause Plaintiff severe emotional distress.

20.     As a direct and proximate result, Plaintiff suffered severe emotional distress, humiliation, anxiety, psychological trauma, physical pain, and related damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, for compensatory damages and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs, and such other relief as this Court deems just and proper.

<u>**COUNT III – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**</u>
<u>**(AGAINST DEFENDANT TROOPER BUCCIGROSSI AND JOHN DOE STATE**</u>
<u>**TROOPERS 1–10 IN THEIR INDIVIDUAL CAPACITIES)**</u>

32.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

33.     At all relevant times, Defendant Trooper Philip Buccigrossi and John Doe State Troopers 1–10 acted under color of state law as Pennsylvania State Troopers exercising authority conferred by the Commonwealth of Pennsylvania.

34.     Defendants violated Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution by using excessive and objectively unreasonable force during an arrest and seizure.

35.     At the time force was used, Plaintiff was compliant, did not pose an immediate threat to the safety of Defendants or others, did not actively resist arrest, and did not attempt to flee.

36.     Despite the absence of any immediate threat, active resistance, flight, or other lawful justification, Defendants struck Plaintiff in the face and/or eye with force sufficient to fracture Plaintiff's orbital bone.

37.     Defendant Trooper Buccigrossi and/or one or more John Doe State Troopers personally participated in the unconstitutional use of force by striking Plaintiff, directing the force, assisting in the force, or otherwise causing the force to be used.

38. To the extent any Defendant did not personally deliver the blow, that Defendant was present, observed or had reason to know that excessive force was being used, had a realistic and reasonable opportunity to intervene, and failed to take reasonable steps to prevent the unconstitutional use of force.

39. Defendants' conduct was objectively unreasonable under the totality of the circumstances, including Plaintiff's compliance, the absence of any immediate threat, the absence of active resistance, the absence of flight, and the severity of the force used.

40. A reasonable law-enforcement officer would have known that striking a compliant, non-threatening, non-resisting arrestee in the face with force sufficient to fracture an orbital bone violated clearly established constitutional rights.

41. Defendants acted intentionally, knowingly, maliciously, willfully, wantonly, and/or with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to punitive damages against the individual Defendants.

42. As a direct and proximate result of Defendants' unconstitutional actions and failures to intervene, Plaintiff sustained a fractured orbital bone, severe pain, emotional distress, humiliation, medical expenses, economic losses, loss of liberty, and other damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other relief as this Court deems appropriate.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

BY:     /s/ Michael T. van der Veen
          Michael T. van der Veen, Esquire

5

ID No. 75616
Steven R. Bryson, Esquire
ID No. 324942
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

Date: August 3, 2026

# VERIFICATION

I, _Ellis Gonzalez_____, verify that I am the Plaintiff herein

and that the facts set forth in the foregoing Complaint are true and correct to the best of my

knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S.

Section 4904 relating to unsworn falsification to authorities.

Signed: _____     Dated: _August 3, 2026_____